# United States District Court

NORTHERN     DISTRICT OF     CALIFORNIA

**FILED**

2008 AUG -7 P 3: 19

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

UNITED STATES OF AMERICA    **E-FILING**

V.

ABPIKAR, Hassa
aka: ABPIKAR, Hassan

(Name and Address of Defendant)

**CRIMINAL COMPLAINT**

CASE NUMBER: **08-70520 PVT**

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On a date unknown but no later than, August 6, 2008, in Santa Clara County in the Northern District of California defendant(s) was, (Track Statutory Language of Offense)

falsifying, concealing, or covering up by any trick, scheme, or device a material fact; makes any materially false, fictitious, or fraudulent statement or representation; or makes or uses any false writing or document knowing the same to contain any materially false, fictitious, or fraudulent statement or entry.

knowingly making any false statements under oath, in any case, proceeding, or matter relating to, or under, or by virtue of any law of the United States relating to naturalization, citizenship, or registry of aliens; and for knowingly makes any false certificate, acknowledgment or statement concerning the appearance before him or the taking of an oath or affirmation or the signature before him or the taking of an oath or affirmation or the signature, attestation or execution by any application, declaration, petition, affidavit, deposition, certificate of naturalization, certificate of citizenship or other paper or writing required or authorized by the laws relating to immigration, naturalization, citizenship, or registry of aliens.

in violation of Title 18 United States Code, Section(s) 1001(a)(1),(2), and (3); 1015(a) and (d)

I further state that I am a(n) Special Agent and that this complaint is based on the following
*Official Title*
facts:

SEE ATTACHED AFFIDAVIT

PENALTIES: $250,000.00 fine, twenty years imprisonment and $100.00 special assessment fee and a Term of Supervised Release up to three years.

Requested bail: Issue no bail warrant / government will request detention.

APPROVED AS TO FORM: _____
                             ASSISTANT UNITED STATES ATTORNEY

Continued on the attached sheet and made a part hereof: ☒ Yes ☐ No

_____
Signature of Complainant

Sworn to before me and subscribed in my presence,

August 7, 2008      at      San Jose, California
*Date*                                  *City and State*

PATRICIA V. TRUMBULL            _____
UNITED STATES MAGISTRATE JUDGE
*Name & Title of Judicial Officer*              *Signature of Judicial Officer*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

STATE OF CALIFORNIA     )
                        )       ss. **AFFIDAVIT**
COUNTY OF SANTA CLARA)

**AFFIDAVIT OF SPECIAL AGENT DWAYNE M. SANCHEZ**

I, Dwayne Sanchez, being duly sworn do depose and state the following:

1)  I am a Special Agent with the U.S. Department of Homeland Security, Immigration and Customs Enforcement, formerly the U.S. Department of Justice, Immigration and Naturalization Service. I have been a Special Agent since September of 2001. I have experience in the apprehension and investigation of aliens who have entered and are present in the United States illegally. Prior to my present position, I have held the positions of District Adjudications Officer, Immigration Inspector and Detention Enforcement Officer.

2)  This affidavit is made in support of a Criminal Complaint filed against **Hassa ABPIKAR, AKA: Hassan ABPIKAR** for falsifying, concealing, or covering up by any trick, scheme, or device a material fact; makes any materially false, fictitious, or fraudulent statement or representation; or makes or uses any false writing or document knowing the same to contain any materially false, fictitious, or fraudulent statement or entry, in violation of Title 18, United States Code, Sections (a)(1), (2), and (3); and for knowingly making any false statements under oath, in any case, proceeding, or matter relating to, or under, or by virtue of any law of the United States relating to naturalization, citizenship, or registry of aliens; and for knowingly makes any false certificate, acknowledgment or statement concerning the appearance before him or the taking of an oath or affirmation or the signature before him or the taking of an oath or affirmation or the signature, attestation or execution by any application, declaration, petition, affidavit, deposition, certificate of naturalization, certificate of citizenship or other paper or writing required or authorized by the laws relating to immigration,

naturalization, citizenship, or registry of aliens, in violation of Title 18, United States Code, Sections 1015(a) and (d).

3) I am familiar with the contents of this Affidavit and the investigation referred to herein based upon my own investigation and in cooperation with Citizenship and Immigration Services.

## HISTORICAL FACTS

4) On June 8, 1979, **ABPIKAR** entered the United States at New York City, New York as a Non-Immigrant (F-1) Student.

5) On February 27, 1980, **ABPIKAR** was convicted in District Court, Seventh Judicial District, Oklahoma County, State of Oklahoma, for the offense of POSSESSION/USE/MANUFACTURE OR TELEPHONE THREAT OF INCENDIARY EXPLOSIVE, in violation of Oklahoma State Statute.

6) On November 5, 1982, in the city of Santa Cruz, in the County of Santa Cruz **ABPIKAR** married Ronnette Jo MAYUIERS, a United States citizen.

7) On March 14, 1983, **ABPIKAR** submitted an Application for Status as Permanent Resident, Form I-485.

8) On the Form I-485, Question 17 states, "I HAVE/HAVE NOT been arrested, convicted, or confined in a prison". For which, **ABPIKAR** checked the "HAVE NOT" box.

9) On the Form I-485, Question 19 states, in part, "APPLICANTS FOR STATUS AS PERMANENT RESIDENT MUST ESTABLISH THAT THEY ARE ADMISSIBLE TO THE UNITED STATES EXCEPT AS OTHERWISE PROVIDED BY LAW> ALIENS WITH IN ANY OF THE FOLLOWING CLASSES ARE NOT ADMISSIBLE TO THE UNITED STATES AND ARE THEREFORE INELIGIBLE AS PERMANENT RESIDENTS: Aliens who have committed or who have been convicted of a crime involving moral turpitude….. Does any of the foregoing classes apply to you?" For which, **ABPIKAR** checked the "NO" box.

10) **ABPIKAR** signed the Form I-485 on an unknown date on or before March 14, 1983. On May 14, 1983, **ABPIKAR** while under oath, orally reiterated that the facts on the application were true and signed the Form I-485 before an officer of the Immigration and Naturalization Service for examination, in part, swearing (affirming) that the contents of the application are true to the best of his knowledge". **ABPIKAR** never admitted to and/or mentioned the Oklahoma conviction, therefore, willfully hiding a material fact, on his application and from the officer that conducted the interview, that may have impacted the decision to approve or not approve his Application for Status as Permanent Resident.

11) On May 23, 1983, **ABPIKAR** was granted adjustment of status, at San Francisco, California, pursuant to Section 245 of the Immigration and Naturalization Act, based on his marriage to a United States citizen.

12) On October 1, 1983, **ABPIKAR** divorced Ronnette Jo MAYUIER in the State of California.

13) On August 8, 1990, **ABPIKAR** submitted an Application to File Petition for Naturalization, Form N-400.

14) On the Form N-400, Question 29 states, "The law provides that you may not be regarded as qualified for naturalization, if you knowingly committed certain offenses or crimes, even though you may not have been arrested. Have you ever, in or outside the United States: (a) knowingly committed any crime for which you have not been arrested?, and (b) been arrested, cited, charged, indicted, convicted, fined or imprisoned for breaking or violating any law or ordinance, including traffic regulations?". For which, **ABPIKAR** checked the "NO" box for both parts of the question.

15) On the Form N-400, Question 52 states, "The law provides that you may not be regarded as qualified for naturalization, if, at any time during the period for which you are required to prove good moral character, you have been a habitual drunkard; advocated or practiced polygamy; have been a prostitute or procured anyone for prostitution; have knowingly and for gain helped any alien to enter the United States

illegally; have been an illicit trafficker in narcotic drugs or marijuana; have received your income mostly from illegal gambling, or have given false testimony for the purpose of obtaining any benefits under this Act. Have you ever, anywhere, been such a person or committed any of these acts?" For which, **ABPIKAR** checked the "NO" box.

16) On August 1, 1990, **ABPIKAR** signed the Form N-400.

**PRESENT EVIDENCE OF VIOLATIONS SPECIFIED**

17) On November 24, 2004, **ABPIKAR** submitted an Application for Naturalization, Form N-400.

18) On the Form N-400, Part 3, Section G states, "What is your current marital status?" For which, **ABPIKAR** checked the "Single, Never Married" box, even though there is a box for "Divorced"

19) On the Form N-400, Part 4, Section A states, "Home Address – Street Number and Name". For which, **ABPIKAR** stated that his home address was "3254 Fleur De Lis Court, San Jose, California". **ABPIKAR** did not reside at said address at the time of the filing of the application.

20) On the Form N-400, Part 8, Section A states, "How many times have you been married (including annulled marriages)?" For which, **ABPIKAR** claimed that he has never been married, by writing "N/A" and continuing on to Part 9, as directed.

21) On the Form N-400, Part 8, Section F states, "If you were married before, provide the following information about your prior spouse. If you have more than one previous marriage, use a separate sheet of paper to provide the information requested in questions 1-5 below" For which, **ABPIKAR** left blank all sections, 1-5, pertaining to this Section.

22) On the Form N-400, Part 10, Section D states, "For the purpose of this application, you must answer "Yes" to the following questions, if applicable, even if you records were sealed or otherwise cleared or if anyone, including a judge, law enforcement officer, or attorney, told you that you no longer have a record", questions 15-21, pertain

to questions regarding his criminal history. Though **ABPIKAR** admitted to being arrested and convicted for various violations, he never admitted to the 1980 conviction in Oklahoma.

23) On the Form N-400, Part 10, Section D, question 23 states, "have you EVER given false or misleading information to any U.S. government official while applying for any immigration benefit or to prevent deportation, exclusion, or removal?" For which, **ABPIKAR** checked the "NO" box.

24) On September 19, 2004, **ABPIKAR** signed the Form N-400, "certifying, under penalty of perjury under the laws of the United States of America, that this application, and the evidence submitted with it, are all true and correct."

25) On May 18, 2005, **ABPIKAR** appeared before an officer of Citizenship and Immigration Services (CIS) for an interview in regards to his application for Naturalization. **ABPIKAR** was placed under oath. The CIS officer went over the Form –N-400 with **ABPIKAR** to see if there have been any changes since **ABPIKAR** signed and submitted the Form N-400. On the date of this interview, **ABPIKAR** did not make any changes to the facts already submitted, nor did he claim and/or mention any additional information. On May 18, 2005, **ABPIKAR** again willfully failed to mention, while under oath, that he was married and now divorced since October 1983, that he was convicted in and sentenced to two (2) years for the violation of Oklahoma statute, and that he failed to mention the Oklahoma conviction at the time of his adjustment of status to that of a lawful permanent resident or on any other application submitted by him up to this date.

26) Based on the foregoing information, I have probable cause to believe that **ABPIKAR** did falsify, conceal, or covered up by any trick, scheme, or device a material fact; made materially false, fictitious, or fraudulent statement or representation; or made or used false writing or document knowing the same to contain any materially false, fictitious, or fraudulent statement or entry, in violation of Title 18, United States Code, Sections (a) (1), (2), and (3).

27) Further, based on the foregoing information, I have probable cause to believe that **ABPIKAR** did knowingly make false statements under oath, in any case, proceeding, or matter relating to, or under, or by virtue of any law of the United States relating to naturalization, citizenship, or registry of aliens; and did knowingly make false certificate, acknowledgment or statement concerning the appearance before him or the taking of an oath or affirmation or the signature before him or the taking of an oath or affirmation or the signature, attestation or execution by any application, declaration, petition, affidavit, deposition, certificate of naturalization, certificate of citizenship or other paper or writing required or authorized by the laws relating to immigration, naturalization, citizenship, or registry of aliens, in violation of Title 18, United States Code, Sections 1015(a) and (d).

Dwayne M. Sanchez
Special Agent
U.S. Department of Homeland Security
Immigration and Customs Enforcement

Subscribed and sworn to before me this ___7___ day of __August__, 2008

Patricia V. Trumbull
CHIEF UNITED STATES MAGISTRATE JUDGE