BARRY J. PORTMAN
Federal Public Defender
MANUEL U. ARAUJO,
Assistant Federal Public Defender
160 West Santa Clara Street, Suite 575
San Jose, CA 95113
Telephone: (408) 291-7753

Counsel for Defendant ABPIKAR

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br>v.<br><br>HASSAN ABPIKAR,<br><br>          Defendant.<br>_____ | No. CR 08-00560 RMW (PVT)<br><br>**DEFENDANT ABPIKAR'S OPPOSITION TO THE UNITED STATES' MOTION TO REVOKE PRETRIAL RELEASE ORDER FOR DEFENDANT HASSAN ABPIKAR; EXHIBITS** |

TO: UNITED STATES DISTRICT COURT JUDGE JAMES WARE and to the United States of America acting through their attorney of record, the United States Attorney's Office for the Northen District of California,

PLEASE TAKE NOTICE that on August 25, 2008, at 1:30 p.m. or as soon as the parties may be heard, the defendant, Hassan Abpikar, will oppose the government's motion to revoke bail and will rely in part of the attached memorandum of points and authorities, the tape recording of the detention hearing conducted on August 13, 2008, and any oral arguments as may be made on that date.

## I.

## <u>INTRODUCTION</u>

Magistrate Judge Trumbull set bail in the amount of $50,000, to be signed by two responsible persons. She further ordered that Mr. Abpikar be placed on electronic monitoring.

The government's request for an order revoking the Magistrate/Judge's August 13, 2008, order

granting pre-trial release should be denied. The government fails to establish or even claim that Mr. Abpikar is a serious flight risk. Instead the government in its memorandum relies heavily on the claim that Mr. Abpikar is guilty of violating 18 United States Code, § 1001(a)(1) and (3), and § 1015 (a) and (d), making a false statement on a citizenship application. However, Title 18, United States Code § 3142(j) makes it clear that nothing in § 3142 "shall be construed as modifying or limiting the presumption of innocence."

## II.
## ARGUMENT

a.  There Is No Serious Risk That the Defendant Will Flee

The Government is not entitled to ask for detention unless and until it can first show – by a preponderance of the evidence – that there is "a *serious* risk that such person will flee." 18 U.S.C. § 3142(f)(2)(A) (Emphasis added.) If, as in this case, the Government cannot satisfy that burden, a detention hearing is not authorized and the Defendant must be released upon the least restrictive set of conditions. The government's request for detention does not claim that the defendant poises a serious risk of flight, it merely asserts that he is a "flight risk." (*See* Gov't Motion, pg. 2: 19 - 22.] Under these circumstances, the Government is not entitled to detention, in fact it is not entitled to a detention hearing. It is only entitled to argue for detention if it asserts that Mr. Abpikar is a serious flight risk and proves by a clear preponderance of the evidence that he is a serious risk of flight.

The Bail Reform Act of 1984 (codified as amended at 18 U.S.C. §§ 3141-3156) authorizes courts to release or detain persons who have been arrested and sets forth the procedures which courts must follow. See 18 U.S.C. § 3141(a). Congress intended the Bail Reform Act to authorize detention only in the rarest of circumstances. United States v. Motamedi, 767 F.2d 1403, 1405 (9th Cir. 1985). A court must conduct a section 3142(f) hearing "[u]pon motion of the attorney for the Government or upon the [court's] own motion, in a case that involves" the following:

(A)   a *serious* risk that such person will flee; or

(B)   a serious risk that such person will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, a prospective witness or juror.

2

Id. § 3142(f)(2) (Emphasis added.).

The government has not made or proven either requirement. Congress intended that these "circumstances for invoking a detention hearing in effect serve to limit the types of cases in which detention may be ordered prior to trial." S. Rep. No. 225, 98th Cong., 1st Sess. 20 (1983), reprinted at 1984 U.S.C.C.A.N. 3203.

To detain a person pending trial, a court must find by a "clear preponderance of the evidence," Motamedi, 767 F.2d at 1406[1] that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community . . . ." 18 U.S.C. § 3142(e).

  b. The Government's Reliance on the Weight of the Evidence Against Mr. Abpikar Is Misplaced.

Mr. Abpikar is presumed innocent as a matter of Constitutional Law. In recognition fo this Right, Title 18, United States Code § 3142(j) makes it clear that nothing in § 3142 "shall be construed as modifying or limiting the presumption of innocence." Therefore, the weight of the evidence while a consideration is the least important of the factors to be considered.

While it is the government which bears the burden of proof, the defense will address the evidentiary issues alleged against Mr. Abpikar for the purpose of demonstrating to the Court that Mr. Abpikar's conviction is far from certain. The government has submitted Exhibit A, which are the court documents regarding the Mr. Abpikar's 1980 conviction. This document has a number of problems on its face. First, it is not clear that Mr. Abpikar was convicted of "telephoning a bomb threat." The supporting document allegedly signed by Mr. Abpikar and all the parties, advised him only that he had been charged with "making a threatening phone call." It mentions nothing about a "bomb." Additionally, there was no court reporter present. Therefore, the only reliable proof of the crime to which Mr. Abpikar pled guilty is the document that he was pleading guilty to making a "threatening phone call." There is nothing to indicate that the defendant agreed to the modification of the charges, or that he gave a sufficient factual basis for the guilty plea. The defense asserts that the conviction is

---

[1] The rebuttal presumption of 18 U.S.C. § 3142(e) does not apply to this case.

1 | not valid.

2 |     Additionally, it is important to note that Mr. Abpikar was a nineteen-year-old in 1980, had
3 | recently arrived from Iran, with limited English skills. Mr. Abpikar did not enjoy the benefit of an
4 | interpreter, and nothing in the record indicates that the matters were interpreted to him. He was not
5 | jailed, and it is reasonable to infer that he did not understand that he had been convicted of a crime. In
6 | any case, were the matter to proceed to trial, the government would need to prove wilful intent.

7 |     The government claims that Mr. Abpikar failed to disclose that he had been married, but later
8 | divorced. Mr. Abpikar told Pretrial Services the same thing, initially stating that he was single. [See
9 | Pretrial Services Report.] After follow-up questions by the Pretrial Services Officer, Mr. Abpikar
10 | explained that he was single because in his country of origin, a man is single once he divorces his wife,
11 | while the former wife is divorced. There is no evidence that the failure to disclose the former marriage
12 | in 2004, was wilful. In fact, the government concedes that in 1990, in connection with an Application
13 | to File Petition for Naturalization, Mr. Abpikar did disclose that he had been married in 1982 and
14 | divorced in 1983. [Gov't Motion, pg. 3:14-16.]

15 |     The government claims that Mr. Abpikar made a false statement to Pretrial Services regarding
16 | his former residence at 3254 Fleur De Lis Court. [Gov't Motion, pg. 3:26 - 27.] Contrary to the
17 | government's assertion, Mr. Abpikar did not tell Pretrial Services that this had recently lived at 3254
18 | Fleur De Lis Court. (Gov't Motion pg. 1: 28) He did not tell them that he lived there within the last
19 | eight years. He told them only that he had previously lived at 3254 Fleur De Lis Court. The
20 | government's claim that Mr. Abpikar lied in his 2004, application regarding his residence, relies on the
21 | unsupported assertion that the current 3254 Fleur De Lis Court residents recently told an unnamed
22 | Deputy Sheriff that during the eight years that they lived there, the defendant did not live there.
23 | However, even if the above claim were proven, the government would at a trial need to prove beyond
24 | a reasonable doubt the materiality and wilfulness of the statement.

25 |     The government claims that the United States Citizenship and Immigration Services initiated
26 | removal proceedings against Mr. Abpikar, initiated because of his criminal history which included his
27 | alleged 1980 bomb threat conviction, a final misdemeanor conviction for theft, and a pending
28 |

4

misdemeanor case for which the defendant had not yet been sentenced[2]. [Gov't Motion, pg. 4:1-11.]

It is interesting to note that the United States Citizenship and Immigration Services "terminated" the removal proceeding. [Gov't Motion, pg. 4:7.] The United States Citizenship and Immigration Services did not release Mr. Abpikar on bail so that he could appear on the misdemeanor matter, the proceedings were terminated. This strongly suggests that contrary to the government's assertion, the case against Mr. Abpikar is substantially weaker than purported. Certainly, the United States Citizenship and Immigration Services had before it the 1980, conviction! They apparently did not believe that it merited removal. In fact, Mr. Abpikar retains his green card.

Forged passports from the Republic of Iran. As the government told the Magistrate Judge on August 13, 2008, these are not actual passports but photocopies of what purports to be an Iranian Passport. [Gov't Motion, pg. 4:27-28.] It is not a document which would permit travel into or out of the United States. There is no allegation that Mr. Abpikar has traveled to Iran in the last 28 years.

c.  <u>The Current Arrest Warrants Against Mr. Abpikar Are the Result of His Federal Custody.</u>

Aside from the facts of the underlying allegations supporting the complaint, the other basis for the government's detention requests is the assertion that Mr. Abpikar has on numerous occasions failed to appear in court as directed. However, in each known cases the defendant was in Federal custody and could not appear. On July 21, 2008, Mr. Abpikar was in ICE custody[3]. He could not appear before the Orange County Superior Court in New Port Beach, California, and the court had no option but to issue a warrant for his arrest. The three recent failures to appear in the Santa Clara Superior Court can be traced directly to the actions of the United States government and/or its agencies. [Exhibit A, attached Declaration of Mr. Dennis Lempert.] Mr. Lempert points out that three bench arrest warrants were issued against Mr. Abpikar on August 11, 2008, in misdemeanor cases numbered CC 592749, CC619862, and CC 808220. Because the United States Marshal's Service would not permit the Santa

---

[2] This conviction was set aside and the charges dismissed on August 11, 2008. See exhibit B.

[3] The government concedes that the defendant was arrested on June 9, 2008 and that an ICE hold was placed on him. [Gov't Motion, pg. 4:12 thru pg. 5: 11-13.]

1  Clara County Sheriff's Office to present him before the Santa Clara Superior Court,[4] the Superior Court
2  was obligated to issue the arrest warrants. The one case in which the Sheriff's Office did transport Mr.
3  Abpikar to Court, case number CC629857,[5] the felony charges were dismissed. Mr. Abpikar had posted
4  bonds and had every interest in resolving those matters. As exhibit C, makes clear, the Judge was aware
5  that Mr. Abpikar was in Federal custody.

6  Therefore, given the circumstances, the government's own actions contributed to the issuance
7  of arrest warrants against Mr. Abpikar for the failures to appear.

9  d.   **The Magistrate Judge Struck the Proper Balance, Placing Mr. Abpikar under a Combination of Conditions Which Reasonably Assures His Appearance.**

11 The Magistrate Judge took into account that Mr. Abpikar continues to hold a green card. The
12 United States Citizenship and Immigration Services terminated the removal proceeding against him.
13 The Magistrate Judge set bail in the amount of $50,000 and released him only upon the signature of two
14 responsible persons. Additionally, the Magistrate Judge ordered that Mr. Abpikar be placed on
15 electronic monitoring and Pretrial Services's supervision. Given the circumstances the bail is designed
16 to reasonably assure the defendant's appearance.

17 The Court should consider that Mr. Abpikar has every desire and motive to appear. If he wishes
18 to maximize his opportunity to remain the United States, he must appear and contest the charges filed
19 against him. Additionally, the punishment for the alleged offense is a maximum of five years on each
20 count. Under the Sentencing Guidelines for a false statement his base offense level would be set at 6,
21 with a worst case scenario criminal history III, giving a range of 2 to 8 months in custody. If the
22 government could prove perjury, his base offense level would be set at 14, and there is no indication of
23 any justifiable upward adjustments. A worst case guideline range for a perjury conviction is 21 to 27
24 months. This is not the type of sentence which creates a significant motivation to flee.

---

[4]   The warrants issued by the Santa Clara Superior Court were on cases numbered CC619862, CC592749, and CC808220.

[5]   This is the same case that the government alleges he was released for the purpose of sentencing.

### III.

### **CONCLUSION**

The Government is not entitled to revocation of the bail order because it has neither alleged nor proven that the combination of conditions will not reasonably assure the defendant's appearance. Because the Government has not and cannot show that a serious risk of flight is present, Mr. Abpikar respectfully requests that the Court order his release as previously set by Magistrate/Judge Trumbull.

Respectfully Submitted,


Dated: August 20, 2008                    ___/s/_____
                                          Manuel U. Araujo,
                                          Assistant Federal Public Defender

# EXHIBIT A

## **DECLARATION OF DENNIS LEMPERT**

I, Dennis Lempert, if called as a witness, could of my own knowledge testify to the following facts:

1. I am licensed to practice in the state of California. I have represented Hassan Abpikar for approximately one and a half months on four criminal matters before the Santa Clara County Superior Court, in particular those cases numbered CC 592749, CC619862, CC 808220, and CC 629857.

2. In case number CC 629857, the District Attorney charged two felony violations of California Penal Code § 529 (false personation). The Superior Court held a preliminary hearing on the matter and the defendant was held to answer.

3. On August 11, 2008, members of the Santa Clara Sheriff Office took Mr. Abpikar to Department 24 of the Santa Clara Superior Court for a prescheduled appearance. The District Attorney's Office based on the grounds of insufficient evidence moved to dismiss all the charges against Mr. Abpikar alleged in CC 629857. The Court granted the motion and ordered Mr. Abpikar discharged.

4. On the same day, Mr. Abpikar had three open misdemeanor cases set for hearing in Department 50 of these Santa Clara Superior Court. Mr. Abpikar retained me on two of these cases to set aside his guilty plea and retained my services on the third case in which no guilty plea had been entered. These cases were CC 592749, CC619862, and CC 808220. Immediately after Mr. Abpikar had been discharged from the charges alleged in case number CC 629857, I spoke with the Deputy Sheriff who advised me that Mr. Abpikar would be taken to Department 50 to make his appearance. Department 50 is in the same courthouse as Department 24. After arriving in Department 50, I was advised by the deputy sheriff that the United States Marshal's

Service had become aware that the Sheriff's Office had transported Mr. Abpikar to the Santa Clara Superior Court, and issued a directive prohibiting the Santa Clara Sheriff's Department from taking him to the Superior Court. As a result of that directive the Sheriff's Office did not take Mr. Abpikar Department 50.

5. Mr. Abpikar for the reasons noted above did not appear in Department 50. The Superior Court Judge in Department 50 was advised of the above described situation. The judge was aware of the fact that Mr. Abpikar was in the courthouse, but that he had a United States Marshal's hold on him and therefore could not be present. The Superior Court Judge believed she had no choice but to forfeit bail, the forfeited bail in the three cases totaled $65,000.

6. On August 13, 2008, I informed Magistrate Judge Trumbull, of the above facts. I appeared as a friend of the court and not in the capacity as counsel for Mr. Abpikar.

I, Dennis Lempert, declare under the penalty of perjury under the laws of the State of California, that the above is true correct to the best my personal knowledge. Dated this 20 of August 2008, in the City of San Jose, the County of Santa Clara, in the State of California.

Dennis Lempert

# EXHIBIT B

SUPERIOR COURT OF CALIFORNIA
190 W. HEDDING ST.
SAN JOSE, CA 95110

| | | | | |
|---|---|---|---|---|
| | | CASE NO. | CC629857 | |
| | | | CEN 0603512 | |
| | DATE | 08/11/2008 1:30 PM DEPT. 24 | | |
| PEOPLE VS. HASSAN ABPIKAR | | 05/05/1960 CAC1843930 CDY BKN | | |
| A.K.A. 1509 SILVER RANCH LN | CLERK | S. LARIOS | CTN | |
| SAN JOSE, CA 95138 | HEARING | INFORMATION | | |
| JUDGE  HON. DAVID A. CENA | DV: AGENCY | SJ-00340-12740-YEE | | |
| REPORTER  S. UPTON | CHILD: STATUS | I-BB -20000/081311 | TW 7 | |
| DEF. ATTY.  LEMPERT, DENNIS | D.A.  D. OVERSTREET | APO | | |
| CHARGES  F(001)PC529 | F(002)PC529 | VIOLATION DATE 05/17/2006 | | |

**NEXT APPEARANCE** _W/C on INS Hold_

☑ Defendant Present ☐ Not Present ☑ Atty Present _Lempert_         AD / PD / Legal Aide / (Special App)
☐ Arr'd ☐ Adv ☐ Arr Wav ☐ Amend Comp/Info   ☐ Arr ☐ Plea ☐ IDC ☐ PTC ☐ Prob / Sent   ☐ Interpreter _____ ☐ Sworn
☐ PC977 ☐ Filed ☐ On File ☐ Reptr. Adv / Wav   ☐ Bail/ OR/ SORP ☐ Rect Dr Rpt ☐ FAR / ERC   ☐ Bail Apply ☐ Balance Exonerated
☐ NG ☐ Entered by CRT ☐ NGBRI / Adv   ☐ PSet ☐ Prelim ☐ Readiness ☐ S / B MTC   ☑ Bail Exonerated ☐ Forfeited  Bond #____
☐ Denies Priors/ Allegations/ Enhancements/Refusal   ☐ Further ☐ Jury ☐ CT ☐ Peo / Def Wav Jury   ☐ Reassumption Filed ☐ Forfeiture Set Aside ☐ Bail Rein
☐ TW ☐ TNW ☐ TW / WD ☐ TW Sentence   ☐ Ref'd   ☐ $_____ Costs Within 30 Days to Court
☐ Ref / Appt PD / AD / Legal Aide ☐ Conflict Decl   ☐ APO / Prop 36  ☐ P36 Re-Assm't   SORP / OR ☐ Revoked ☐ Reinstated ☐ May Post & Forfeit
☐ _____Relieved_____Appt'd   ☐ Crim Proc Susp ☐ Rein   ☐ BW Ordered $_____ ☐ Stayed ☐ To Issue
☐ Hrg on Motion _____   ☐ Doubt Decl Pursuant PC 1368   ☐ No Cite Release/SCIT ☐ No Request ☐ Cash Only
☐ Granted ☐ Denied ☐ Submitted ☐ Off Cal   ☐ Subm on Report ☐ Found _____   ☐ BW Set Aside ☐ Recalled ☐ Filed
☐ Stip to Comm ☐ Drs. Appointed _____   ☐ Max Term _____ ☐ Committed _____   ☐ Proof of _____
☐ Prelim Wav ☐ Certified to General Jurisdiction   ☐ MDA / COM Amended to _____
☐ Amended to ☐ (M) VC12500(a) / VC23103(a)   ☐ Pur VC23103.5 ☐ DA Stmt Filed  Other: _Δ discharged_
**PLEA Conditions:** ☐ None ☐ No State Prison ☐ PC17 after 1 Yr Prob ☐ Includes VOP _____ ☐ Add to Cal
☐ Jail / Prison Term of _____
☑ Dismissal / Striking _MOA - CTS 1 + 2 IOJ_                                       ☐ Subm time of Sent ☐ Harvey Stip
☐ Adv ☐ Max Pen ☐ Parole/Prob ☐ Appeal ☐ Immig ☐ Reg PC290/HS11590/PC457.1/PC186.30 ☐ Future Serious Felony ☐ PC12021 (110) ☐ VC14607.8/PC666
☐ Wav Right to ☐ Counsel ☐ Court / Jury Trial ☐ Subpoena / Confront / Examine Witnesses ☐ Self-incrimination ☐ Written Waiver filed ☐ Plea / Absentia filed
☐ COP ☐ **GUILTY** ☐ **NOLO CONTENDERE** to charges & admits enhancements / allegations / priors ☐ PC17 ☐ Arbuckle ☐ Factual Basis found ☐ Findings stated
☐ Prop 36 Granted / Unamenable / Refused / Term ☐ DEJ Eligibility Filed ☐ DEJ Granted / Rein / Term  Fee $_____ ☐ Guilty Plea Rendered
☐ Waives Referral ☐ Ref'd to APO Full Rpt ☐ **PROBATION DENIED**    **FINES/FEES:  PAY TO** ☐ Ref to DOR ☐ COURT ☐ TODAY
☐ Sentenced to _____ State Prison/County Jail ☐ Sent Suspended _____  COUNT___ $___ + PA $___  ☐ Purs HS11350d
**PROBATION** ☐ Execution ☐ Imposition of sentence suspended for probation period  COUNT___ $___ + PA $___
☐ COURT ☐ FORMAL PROBATION GRANTED for ___ Days / Mos / Yrs  AIDS / CPP  $___ + PA $___
☐ Report to APO within ___ Days ☐ Terminated ☐ Upon Release  DPF  $___ + PA $___
☐ Perform___ Hrs Volunteer Work as directed PO / SAP / CAP ☐ in lieu of fine  LAB  $___ + PA $___
☐ Not drive w/o valid DL & Ins ☐ Adv VC23600 ☐ HTO ☐ Delete FOP/MOP  DRF /RF  $___  Add'l RF $___ Susp'd PC1202.45
☐ MOP ☐ FOP ☐ 12 hrs ☐ 3 mos ☐ 6 mos  Enroll within ___ days  AEF  $___  Original Fine $___
☐ DL Susp/ Restr'd/ Rvk'd for ___ ☐ To, from, during Work/AlcoPrg/Jail/Sch/App  SECA  $___  **CTS PC2900.5** $___
☐ IID Not Ordered/ Rmv'd Term ___ Yrs ☐ DSA thru APO / DOR / CRT ☐ Filed  NC  $___  **TOTAL DUE** $___
☐ No contact with victim or family / co-defts unless appr by APO ☐ PC1202.05  ASF /CPF  $___  Payments Granted / Modified
☐ DVPO issued / mod /term'd Exp _____ ☐ Victim Present  AR  $___  $___ / Mo beginning ___
☐ Not own/possess deadly weapons ☐ Destroy / Return Weapon ___  SHELTER  $___  FINE STAYED
☐ Submit Search/Testing ☐ Educ/Voc Trng/Empl ☐ No alcohol / drugs or where sold  DV  $___  Committed @ $___ /day ☐ May Pay Out
☐ Substance Abuse, DV, Psych, Parenting, Anger Mgmt, Theft  cnsl / prgm  ATTY  $___  Consec/Conc to ___
☐ PC296 (DNA) ☐ PC1202.1 HIV Test / Education  $___  Fine / Fees ☐ Deemed Satisfied ☐ Commuted
**VOP:** ☐ Wav ☐ Arr'd ☐ Admits/Denies Viol ☐ Court Finds VOP / No VOP  P/INVEST $___ ☐ P/SUP $___ /Mo ☐ Waived
Prob Rein / Mod / Term'd / Revoked / Remains Revoked / Ext to _____  CJAF ☐ $___
☐ Original Terms & Conditions Except as Amended herein  ☐ Restitution $___ to ___
☐ Co-terminous with _____ ☐ No Further Penalties / Reviews  ☐ To be determined by APO/Court ☐ Referred to VWAC ☐ Collect Civilly
**JAIL/PRISON** ☐ See Attachm't Pg for Add'l Orders, Charges, PC1385 Reasons                                County Jail

| Count | F/M | Violation | Prison Term / Yrs | Enhancement / Priors | Yrs / Styd / Strkn | HRS / DAYS / MOS |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |
| | | | | | | |

| Enhancement | Yrs/S | Enhancement | Yrs/S | Enhancement | Yrs/S | Enhancement | Yrs/S | Total |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | |

**CTS =** ___ **ACT +** ___ ☐ PC4019 ☐ PC2933.1 = ___ TOTAL DAYS ___ TOTAL TERM ___
☐ Straight time ☐ In Camp ☐ WWP ☐ PC1209 Fees ☐ Waived ☐ Court Rec ___ All / Except ☐ EMP/PSP/WF/ERP/DRP/Co Parole/NP
☐ Sent Deemed Served ☐ Rpt to Local Parole ☐ Adv of ___ Yrs Parole/Appeal Rights ☐ Consec ☐ Conc to ___
☐ Bal CJ Susp ☐ All but ___ Hrs/Days/Mos ☐ On Cond Complete Residential Treatment Prgm ☐ Serve Consec MO/TU/WE/TH/FR/SA/SU
☐ Pre-process _W/C on this case_ AM/PM ☐ Stay / Surrender / Transport to ___ @ ___ AM/PM or Sooner
☐ REMANDED-BAIL $___ ☐ NO BAIL ☐ COMMITTED ☐ RELEASED ☐ OR ☐ SORP ☐ DOC TO CONTACT JAC FOR ASSM'T ☐ P36
☐ AS COND OF SORP ☐ BAIL INCREASED / REDUCED ☐ TO PRGM AS REC BY JAC-DOC ☐ DOC TO TRANSPORT FOR BALANCE OF JAIL ☐ UPON AVAIL BED
**PROMISE TO APPEAR:** I will appear at all times and places as ordered by the Court, and have read and understand all conditions set forth on the reverse side.
BY _____ DEFENDANT
DISTRIBUTION: BLACK-FILE COPY  GREEN-DOC  BLUE-D.A./DOR  PURPLE-

# EXHIBIT C

Case 5:08-cr-00560-RMW    Document 12-2    Filed 08/20/2008    Page 6 of 7

| | | | |
|---|---|---|---|
| | HALL OF JUSTICE 190 W. HEDDING STREET SAN JOSE, CA 95110 | | CASE NO. CC619862 C: CEN 06009359 |
| PEOPLE VS. | HASSAN ABPIKAR | DATE | 08/11/2008  1:30 PM  DEPT. 50 |
| L.K.A. | 1509  SILVER RANCH LN SAN JOSE, CA 95138 | CLERK HEARING | 06/05/1960 CAC1843930  CDY BK:Y N.MATAUTIA/L. GERACI  CTV906 M SENTENCING |
| JUDGE | HON. MY-LE JACQUELINE DUONG  DV: CHILD: | AGENCY STATUS | SJ-04313-3189 -VANKEY I-BB  -25000/081211  TW  Y |
| REPORTER | N. CAVANESS/WAIVED | | |
| DEF. ATTY. | LEMPERT, DENNIS | D.A. M. Vidmar | APO |
| CHARGES | M(001)PC470B | M(002)PC148.9 | VIOLATION DATE 02/06/2006  (235) |

**NEXT APPEARANCE**

- [ ] Defendant Present  [✓] Not Present  [✓] Atty Present  A/R  ☐ AD / PD / Legal Aide / Special App
- [ ] Arr'd  [ ] Adv  [ ] Arr Wav  [ ] Amend Comp/Info  [ ] Arr  [ ] Plea  [ ] IDC  [ ] PTC  [ ] Prob / Sent  [ ] Interpreter _____  [ ] Sworn
- [ ] PC977  [ ] Filed  [ ] On File  [ ] Reptr. Adv / Wav  [ ] Bail/ OR/ SORP  [ ] Rect Dr Rpt  [ ] FAR/ ERC  [ ] Bail Apply  [ ] Balance Exonerated
- [ ] NG  [ ] Entered by CRT  [ ] NGBRI / Adv  [ ] PSet  [ ] Prelim  [ ] Readiness  [ ] S / B MTC  [ ] Bail Exonerated  [✓] Forfeited  Bond # ____
- [ ] Denies Priors/ Allegations/ Enhancements/Refusal  [ ] Further  [ ] Jury  [ ] CT  [ ] Peo / Def Wav Jury  [ ] Reassumption Filed  [ ] Forfeiture Set Aside  [ ] Bail Rein
- [ ] TW  [ ] TNW  [ ] TW / WD  [ ] TW Sentence  [ ] Ref'd  [ ] $ ____ Costs Within 30 Days to Court
- [ ] Ref / Appt PD / AD / Legal Aide  [ ] Conflict Decl  [ ] APO / Prop 36  [ ] P36 Re-Assm't  SORP / OR  [ ] Revoked  [ ] Reinstated  [ ] May Post & Forfeit
- [ ] ____ Relieved ____ Appt'd  [ ] Crim Proc Susp  [ ] Rein  [✓] BW Ordered $ 25K ____  [ ] Stayed  [ ] To Issue
- [ ] Hrg on Motion ____  [ ] Doubt Decl Pursuant PC 1368  [ ] No Cite Release/SCIT  [ ] No Request  [ ] Cash Only
- [ ] Granted  [ ] Denied  [ ] Submitted  [ ] Off Cal  [ ] Subm on Report  [ ] Found ____  [ ] BW Set Aside  [ ] Recalled  [ ] Filed
- [ ] Stip to Comm  [ ] Drs. Appointed  [ ] Max Term ____  [ ] Committed ____  [ ] Proof of ____
- [ ] Prelim Wav  [ ] Certified to General Jurisdiction  [ ] MDA / COM Amended to ____
- [ ] Amended to ____ [ ] (M) VC12500(a) / VC23103(a)  [ ] Pur VC23103.5  [ ] DA Stmt Filed  Other: Δ on marshall hold

**PLEA Conditions:** [ ] None  [ ] No State Prison  [ ] PC17 after 1 Yr Prob  [ ] Includes VOP ____  [ ] Add to Cal
- [ ] Jail / Prison Term of ____
- [ ] Dismissal / Striking ____  [ ] Subm time of Sent  [ ] Harvey Stip ____
- [ ] Adv  [ ] Max Pen  [ ] Parole/Prob  [ ] Appeal  [ ] Immig  [ ] Reg PC290/HS11590/PC457.1/PC186.30  [ ] Future Serious Felony  [ ] PC12021 (110)  [ ] VC14607.8/PC666
- [ ] Wav Right to  [ ] Counsel  [ ] Court / Jury Trial  [ ] Subpoena / Confront / Examine Witnesses  [ ] Self-incrimination  [ ] Written Waiver filed  [ ] Plea / Absentia filed
- [ ] COP  [ ] GUILTY  [ ] NOLO CONTENDERE to charges & admits enhancements / allegations / priors  [ ] PC17  [ ] Arbuckle  [ ] Factual Basis found  [ ] Findings stated
- [ ] Prop 36 Granted / Unamenable / Refused / Term  [ ] DEJ Eligibility Filed  [ ] DEJ Granted / Rein / Term  Fee $ ____  [ ] Guilty Plea Rendered
- [ ] Waives Referral  [ ] Ref'd to APO Full Rpt  [ ] **PROBATION DENIED**  **FINES/FEES: PAY TO** [ ] Ref to DOR  [ ] COURT  [ ] TODAY
- [ ] Sentenced to ____ State Prison/County Jail  [ ] Sent Suspended ____  COUNT ____ $ ____ + PA $ ____  [ ] Purs HS11350d
- **PROBATION** [ ] Execution  [ ] Imposition of sentence suspended for probation period  COUNT ____ $ ____ + PA $ ____
- [ ] COURT  [ ] FORMAL PROBATION GRANTED for ____ Days / Mos / Yrs  AIDS / CPP $ ____ + PA $ ____
- [ ] Report to APO within ____ Days  [ ] Terminated  [ ] Upon Release  DPF $ ____ + PA $ ____
- [ ] Perform ____ Hrs Volunteer Work as directed PO / SAP / CAP  [ ] in lieu of fine  LAB $ ____ + PA $ ____
- [ ] Not drive w/o valid DL & Ins  [ ] Adv VC23600  [ ] HTO  [ ] Delete FOP/MOP  DRF /RF $ ____  Add'l RF $ ____  Susp'd PC1202.45
- [ ] MOP  [ ] FOP  [ ] 12 hrs  [ ] 3 mos  [ ] 6 mos  Enroll within ____ days  AEF $ ____  Original Fine $ ____
- [ ] DL Susp/ Restr'd/ Rvk'd for ____  [ ] To, from, during Work/AlcoPrg/Jail/Sch/App  SECA $ ____  **CTS PC2900.5** $ ____
- [ ] IID Not Ordered/ Rmv'd Term ____ Yrs  [ ] DSA thru APO / DOR / CRT  [ ] Filed  NC $ ____  **TOTAL DUE** $ ____
- [ ] No contact with victim or family / co-defts unless appr by APO  [ ] PC1202.05  ASF /CPF $ ____  Payments Granted / Modified
- [ ] DVPO issued / mod /term'd Exp ____  [ ] Victim Present  AR $ ____  $ ____ / Mo beginning ____
- [ ] Not own/possess deadly weapons  [ ] Destroy / Return Weapon ____  SHELTER $ ____  FINE STAYED ____
- [ ] Submit Search/Testing  [ ] Educ/Voc Trng/Empl  [ ] No alcohol / drugs or where sold  DV $ ____  Committed @ $ ____ /day  [ ] May Pay Out
- [ ] Substance Abuse, DV, Psych, Parenting, Anger Mgmt, Theft  cnsl / prgm  ATTY $ ____  Consec/Conc to ____
- [ ] PC296 (DNA)  [ ] PC1202.1 HIV Test / Education  $ ____  Fine / Fees  [ ] Deemed Satisfied  [ ] Commuted
- **VOP:** [ ] Wav  [ ] Arr'd ____  [ ] Admits/Denies Viol  [ ] Court Finds VOP / No VOP  P/INVEST $ ____  [ ] P/SUP $ ____ /Mo  [ ] Waived
- Prob Rein / Mod / Term'd / Revoked / Remains Revoked / Ext to ____  CJAF [ ] $ ____
- [ ] Original Terms & Conditions Except as Amended herein  [ ] Restitution $ ____ to ____
- [ ] Co-terminous with ____  [ ] No Further Penalties / Reviews  [ ] To be determined by APO/Court  [ ] Referred to VWAC  [ ] Collect Civilly
- **JAIL/PRISON** [ ] See Attachm't Pg for Add'l Orders, Charges, PC1385 Reasons  County Jail

| Count | F/M | Violation | Prison Term / Yrs | Enhancement / Priors | Yrs / Styd / Strkn | HRS / DAYS / MOS |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | NIC on this | | | |

| Enhancement | Yrs/S | Enhancement | Yrs/S | Enhancement | Yrs/S | Enhancement | Yrs/S | Enhancement | Yrs/S | Total |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | |

**CTS =** ____ **ACT +** ____ [ ] PC4019  [ ] PC2933.1 = ____ **TOTAL DAYS** ____ **TOTAL TERM** ____
- [ ] Straight time  [ ] In Camp  [ ] WWP  [ ] PC1209 Fees  [ ] Waived  [ ] Court Rec ____ All / Except  [ ] EMP/PSP/WF/ERP/DRP/Co Parole/NP ____
- [ ] Sent Deemed Served  [ ] Rpt to Local Parole  [ ] Adv of ____ Yrs Parole/Appeal Rights  [ ] Consec  [ ] Conc to ____
- [ ] Bal CJ Susp  [ ] All but ____ Hrs/Days/Mos  [ ] On Cond Complete Residential Treatment Prgm  [ ] Serve Consec MO/TU/WE/TH/FR/SA/SU ____
- [ ] Pre-process ____ AM/PM  [ ] **Stay / Surrender / Transport to** ____ @ ____ AM/PM or Sooner

- [ ] REMANDED-BAIL $ ____  [ ] NO BAIL  [ ] COMMITTED  [ ] RELEASED  [ ] OR  [ ] SORP  [ ] DOC TO CONTACT JAC FOR ASSM'T  [ ] P36
- [ ] AS COND OF SORP  [ ] BAIL INCREASED / REDUCED  [ ] TO PRGM AS REC BY JAC-DOC TO TRANSPORT FOR BALANCE OF JAIL  [ ] UPON AVAIL BED

**PROMISE TO APPEAR:** I will appear at all times and places as ordered by the Court, and have read and understand all conditions set forth on the reverse side.
BY _____ DEFENDANT