UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>  v.<br><br>HASSAN ABPIKAR,<br><br>   Defendant. | Case No. 08-cr-00560-EJD<br><br>**ORDER DENYING DEFENDANT'S MOTION PURSUANT TO 28 U.S.C. § 2255; DENYING CERTIFICATE OF APPEALABILITY**<br><br>Re: Dkt. No. 329 |

   In the motion presently before the Court, Defendant Hassan Abpikar ("Defendant"), proceeding pro se, seeks to vacate and set aside his federal judgment of conviction and sentence pursuant to 28 U.S.C. § 2255. Dkt. No. 329 ("Mot."). The Court has carefully reviewed the relevant documents and pertinent law and finds that, on this record, Defendant is not entitled to relief. For the reasons set forth below, his motion is DENIED.

## I.  BACKGROUND

   On November 24, 2009, Defendant was indicted on two counts of falsifying and concealing a material fact in a matter before a government agency in violation of 18 U.S.C. § 1001(a)(1); two counts of making a false statement under oath relating to naturalization or citizenship in violation of 18 U.S.C. § 1015(a); and two counts of perjury in violation of 18 U.S.C. § 1621. Dkt. No. 69. The case centered on allegedly false statements that Defendant made in his naturalization application and interview regarding his criminal history, marital status, and resident address. Defendant's jury trial began on October 26, 2010 and ended on November 2, 2010. Dkt.

Nos. 206, 210.  The same day, the jury returned guilty verdicts against Defendant on all six

counts.  Dkt. No. 212.  On April 11, 2011, U.S. District Judge Ronald M. Whyte sentenced

Defendant to 36 months of imprisonment, three years of supervised release, a $5,000 fine, and a

$600 special assessment.  Dkt. No. 258.

Defendant appealed his conviction, and the Ninth Circuit affirmed on July 25, 2015.  Dkt.

No. 321.  On January 12, 2015, the U.S. Supreme Court denied Defendant's petition for writ of

certiorari.  Dkt. No. 328.

On November 6, 2015, Defendant filed the instant pro se § 2255 motion.  See Mot.  On

June 27, 2016, the government filed a response.  Dkt. No. 348 ("Resp.").  On November 3, 2016,

this case was reassigned to the undersigned judge.  Dkt. No. 354.  On November 23, 2016,

Defendant filed a reply.  Dkt. No. 356 ("Reply").

## II.     LEGAL STANDARD

Section 2255 authorizes a "prisoner in custody under sentence of a court established by

Act of Congress" to "move the court which imposed the sentence to vacate, set aside or correct the

sentence" based on a violation of federal law.  28 U.S.C. § 2255(a).  Relief under § 2255(a) is

limited to the particular grounds listed in the statute—namely, "that the sentence was imposed in

violation of the Constitution or laws of the United States, or that the court was without jurisdiction

to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or

is otherwise subject to collateral attack."  See United States v. Berry, 624 F.3d 1031, 1038 (9th

Cir. 2010).  If a court finds error on one of these enumerated grounds, then "the court shall vacate

and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial

or correct the sentence as may appear appropriate."  28 U.S.C. § 2255(b).

Following the submission of a § 2255 motion, the court must grant an evidentiary hearing

"[u]nless the motions and the files and records of the case conclusively show that the prisoner is

entitled to no relief."  Id.; see also United States v. Blaylock, 20 F.3d 1458, 1465 (9th Cir. 1994).

In other words, a court need not hold an evidentiary hearing where the prisoner's allegations,

Case No.: 08-cr-00560-EJD
ORDER DENYING DEFENDANT'S MOTION PURSUANT TO 28 U.S.C. § 2255; DENYING
CERTIFICATE OF APPEALABILITY

when viewed against the record, either do not state a claim for relief or are so palpably incredible as to warrant summary dismissal. United States v. Howard, 381 F.3d 873, 877 (9th Cir. 2004). "[C]onclusory statements in a § 2255 motion are not enough to require a hearing." United States v. Johnson, 988 F.2d 941, 945 (9th Cir. 1993) (quoting United States v. Hearst, 638 F.2d 1190, 1194 (9th Cir. 1980)).

## III.     DISCUSSION

Defendant raises thirteen grounds for relief under § 2255. The Court slightly reorders them for convenience of analysis. The thirteen grounds are as follows: (1) insufficiency of the evidence, (2) violation of the Speedy Trial Act, (3) untimeliness of the superseding indictment, (4) defectiveness of jury instructions, (5) impropriety of peremptory challenges during jury selection, (6) use of perjured testimony, (7) ineffective assistance of trial counsel, (8) failure of trial counsel to mention the element of materiality, (9) ineffective assistance of appellate counsel, (10) invalidity of the superseding indictment, (11) vindictive prosecution, (12) violation of due process, and (13) unconstitutionality of sentence. Mot. at 2–3. Each claim is analyzed below.

A.     Insufficient Evidence, Speedy Trial, and Untimely Superseding Indictment Claims

The Court analyzes Defendant's first three claims together. First, Defendant contends that the government did not present sufficient evidence to prove the element of materiality required to convict Defendant of falsifying and concealing a material fact in a matter before a government agency in violation of 18 U.S.C. § 1001(a)(1) or perjury in violation of 18 U.S.C. § 1621. Mot. at 14–17. Second, Defendant asserts that the superseding indictment should have been dismissed because Defendant's trial did not commence within the time prescribed by the Speedy Trial Act, 18 U.S.C. § 3161. Mot. at 17–26. Third, Defendant argues that the charges in the superseding indictment were barred by the five year statute of limitations in 18 U.S.C. § 3282(a). Mot. at 30.

Defendant has already raised these precise claims on direct appeal before the Ninth Circuit. A § 2255 motion is not an opportunity for a second appeal. Berry, 624 F.3d at 1038; see also United States v. Addonizio, 442 U.S. 178, 184 (1979) (explaining that § 2255 does not "modify

Case No.: 08-cr-00560-EJD
ORDER DENYING DEFENDANT'S MOTION PURSUANT TO 28 U.S.C. § 2255; DENYING CERTIFICATE OF APPEALABILITY

3

the basic distinction between direct review and collateral review").  A defendant who raises an issue on direct appeal may not attempt to relitigate that issue in a § 2255 motion.  United States v. Hayes, 231 F.3d 1132, 1139 (9th Cir. 2000); United States v. Redd, 759 F.2d 699, 701 (9th Cir. 1985).  Here, the Ninth Circuit explicitly addressed and rejected Defendant's claims, holding that the government's evidence sufficiently supported the convictions under 18 U.S.C. § 1001(a)(1) and § 1621, that there was no Speedy Trial Act violation, and that the charges in the superseding indictment were not barred by the statute of limitations.  Dkt. No. 321 at 2–5.  This Court is not at liberty to revisit the Ninth Circuit's ruling.  See also Buck v. Berryhill, 869 F.3d 1040, 1050 (9th Cir. 2017) ("[A] court is generally precluded from reconsidering an issue that has already been decided by . . . a higher court in the identical case." (quoting Thomas v. Bible, 983 F.2d 152, 154 (9th Cir. 1993)).  Thus, Defendant is not entitled to further judicial review of his claims challenging the sufficiency of the evidence, compliance with the Speedy Trial Act, or the timeliness of the charges in the superseding indictment.[1]

B.     Defective Jury Instructions Claim

Defendant's fourth claim is that there was an error in the jury instructions with regard to the two counts of falsifying and concealing a material fact in a matter before a government agency in violation of 18 U.S.C. § 1001(a)(1).  Mot. at 26–28.  Specifically, Defendant argues that the jury was not instructed that materiality is a necessary element of the offense that the government must prove beyond a reasonable doubt.  Id. at 27.  Defendant also contends that his trial counsel erred in failing to object to the improper jury instructions and that Defendant was prejudiced as a result of the error.  Id.

Because Defendant could have raised this issue on direct appeal but failed to do so, his claim has been procedurally defaulted.  Bousley v. United States, 523 U.S. 614, 622 (1998).  Thus,

---

[1] To the extent that Defendant raises slight variations on his previous arguments before the Ninth Circuit, those variations are considered below in the discussion of ineffective assistance of trial or appellate counsel.

Case No.: 08-cr-00560-EJD
ORDER DENYING DEFENDANT'S MOTION PURSUANT TO 28 U.S.C. § 2255; DENYING CERTIFICATE OF APPEALABILITY

4

in order for this Court to entertain the claim in this § 2255 proceeding, Defendant must demonstrate cause for failing to raise the issue and resulting prejudice. United States v. Frady, 456 U.S. 152, 167–68 (1982). "[T]he mere fact that counsel failed to recognize the factual or legal basis for a claim, or failed to raise the claim despite recognizing it, does not constitute cause for a procedural default." Murray v. Carrier, 477 U.S. 478, 486 (1986). Where, as here, a defendant relies on attorney error to establish cause, that error must rise to the level of ineffective assistance of counsel. Id. at 492.

Ineffective assistance of counsel is subject to the two-prong test set forth in Strickland v. Washington, 466 U.S. 668, 687 (1984). First, a defendant must demonstrate that counsel's performance was deficient, i.e., that it "so undermined the proper functioning of the adversarial process that the [proceedings] cannot be relied on as having produced a just result." Id. at 686–87. In making that assessment, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" Id. at 689 (citation omitted). Second, the defendant must demonstrate that counsel's deficient performance prejudiced him, i.e., that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. Courts need not address both prongs if the defendant has made an insufficient showing under one of the prongs. Id. at 697 ("[T]here is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one.").

Here, Defendant cannot show prejudice because he has not identified any error in the jury instructions. The relevant portion of the criminal statute at issue punishes "whoever, in any matter within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States, knowingly and willfully falsifies, conceals, or covers up by any trick, scheme, or device a material fact." 18 U.S.C. § 1001(a)(1). Jury Instruction No. 13 recites these elements.

1     Dkt. No. 211 at 14–16. With regard to materiality in particular, the instruction states that the

2     government must prove that "[Defendant's] statement was material to the United States

3     Department of Homeland Security's[] activities or decisions." Id. at 14. Moreover, the instruction

4     provides that "[a] statement is material if it had a natural tendency to influence, or was capable of

5     influencing, the agency's decisions or activities." Id. at 16. Contrary to Defendant's suggestion,

6     Mot. at 27, the jury was properly instructed to decide the question of materiality. United States v.

7     Gaudin, 515 U.S. 506, 522–23 (1995). Thus, the Court rejects Defendant's claim that the jury

8     instructions were erroneous.

9         C.    Peremptory Challenges Claim

10       Defendant's fifth claim alleges that the government violated Defendant's constitutional

11    rights by striking three Iranian jurors based solely on their race. Mot. at 28. To excuse his

12    procedural default for failing to raise this claim on direct appeal, Defendant again contends that his

13    trial counsel provided ineffective assistance. See Murray, 477 U.S. at 486. According to

14    Defendant, his attorney not only failed to object to the government's improper peremptory

15    challenges but also affirmatively prevented Defendant from objecting. Mot. at 28. Even

16    accepting Defendant's allegations of his attorney's actions, he fails both prongs of the Strickland

17    test because he cannot show either that failing to object fell below an objective standard of

18    performance or that objecting would have been substantially likely to generate a different result.

19    466 U.S. at 689, 694.

20       The Court begins with the relevant legal framework regarding race-based uses of

21    peremptory challenges. "[T]he Equal Protection Clause forbids the prosecutor to challenge

22    potential jurors solely on account of their race." Batson v. Kentucky, 476 U.S. 79, 89 (1986). To

23    initiate a claim of discrimination in juror selection under Batson, a defendant must first establish a

24    prima facie case "by showing that the totality of the relevant facts gives rise to an inference of

25    discriminatory purpose." Id. at 93–94. The burden then shifts to the prosecution to provide

26    permissible race-neutral justifications for the strikes. Johnson v. California, 545 U.S. 162, 168

27

28    Case No.: 08-cr-00560-EJD
ORDER DENYING DEFENDANT'S MOTION PURSUANT TO 28 U.S.C. § 2255; DENYING
CERTIFICATE OF APPEALABILITY

United States District Court
Northern District of California

(2005). This justification need not be "'persuasive, or even plausible'; so long as the reason is not inherently discriminatory, it suffices." Rice v. Collins, 546 U.S. 333, 338 (2006) (citation omitted). Once "a race-neutral explanation is tendered, the trial court must then decide . . . whether the opponent of the strike has proved purposeful racial discrimination." Purkett v. Elem, 514 U.S. 765, 767 (1995) (per curiam).

In the instant case, Defendant contests the striking of three prospective jurors: Nasrin Noori (prospective juror 18), Azam Estahbanati (prospective juror 26), and Linda Danialy (prospective juror 29). However, one of those jurors—Ms. Estahbanti—was dismissed for cause because she had a financial relationship with a potential witness and exhibited signs that she could not be fair in judging immigration officials or the immigration process. Dkt. No. 282 at 91:19– 92:4. Therefore, Defendant's potential Batson claim is limited to Ms. Noori (prospective juror 18) and Ms. Danialy (prospective juror 29). Defendant's trial counsel had good reason not to object to the government's peremptory strikes of these two jurors because the record reveals obvious non-discriminatory reasons for striking both jurors. Ms. Noori stated that her husband's naturalization process was "not so easy" and that he is "still nagging about it." Id. at 47:6–49:9. Ms. Danialy stated that she still has family going through the naturalization process and that her cousin had his identity stolen while applying. Id. at 51:1–19. Such negative experiences with the naturalization process could suggest possible bias when judging immigration officials. See Resp. at 16. In contrast, the other jurors who indicated that a family member or close friend had gone through the naturalization process described the process as positive or, at a minimum, not frustrating. See Dkt. No. 282 at 42:24–47:5, 49:10–49:24, 51:20–53:23. In light of this plain race-neutral justification for striking Ms. Noori and Ms. Danialy, Defendant's trial counsel did not act objectively unreasonably in deciding not to object and Defendant cannot show that raising the objection would have been substantially likely to create a different result.

Case No.: 08-cr-00560-EJD
ORDER DENYING DEFENDANT'S MOTION PURSUANT TO 28 U.S.C. § 2255; DENYING CERTIFICATE OF APPEALABILITY

### D. Perjured Testimony Claim

Defendant's sixth claim is that the government knowingly introduced false testimony at trial. Mot. at 29. Defendant contends that one of the government's witnesses—the immigration officer who interviewed Defendant about his naturalization application—"lied under Oath about his recollection of the events and dates." Id. Defendant objects that (1) the officer based his testimony on his recent review of Defendant's file and (2) Defendant's green card should have made clear to the officer that Defendant had previously been married. Id. at 29–30. Defendant has not shown cause or prejudice to excuse his failure to raise this claim on direct appeal.

It is true that the government violates due process when it knowingly presents false evidence to obtain a conviction. See Giglio v. United States, 405 U.S. 150, 153–54 (1972). Here, however, Defendant does not identify any manner in which the immigration officer testified falsely. That officer properly relied on his annotations to Defendant's naturalization form because he could not specifically recall his interview with Defendant from memory. See Fed. R. Evid. 612(a) (permitting a witness to refresh his memory by reviewing a writing before testifying or while testifying). Based on his markings on Defendant's naturalization form, the officer testified that Defendant verified during the interview that he had not been married. Dkt. No. 280 at 56:21–57:23. On cross-examination, the officer admitted that he should have noticed that Defendant's category of green card indicated that Defendant had previously been married. Id. at 116:14–17. These two statements are not inconsistent: the second statement merely weakens the officer's testimony. That Defendant's trial counsel elicited the second statement from the government's witness tends to show effective advocacy, rather than the ineffective assistance sufficient to establish cause. See Murray, 477 U.S. at 492. Moreover, it is difficult to see how Defendant suffered any prejudice when the jury had this information before it but still found Defendant guilty. Defendant's claim that the government knowingly introduced perjured testimony is procedurally defaulted and unsupported by any factual evidence.

E.     Ineffective Assistance of Trial Counsel Claim

Defendant's seventh and eighth claims assert ineffective assistance of trial counsel.  Mot. at 14, 31.  These ineffective assistance claims are properly considered on collateral review because the Ninth Circuit declined to "consider the effectiveness of trial counsel on direct appeal."  Dkt. No. 321 at 5.  As explained above, ineffective assistance of counsel is subject to the two-prong test set forth in Strickland.  Thus, the defendant must prove that (1) his counsel's performance was constitutionally deficient, and (2) he was prejudiced by that deficient performance.  Strickland, 466 U.S. at 684–87.  Importantly, "[j]udicial scrutiny of counsel's performance must be highly deferential," with the court "indulg[ing] a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  Id. at 689.  Even when attorney error is established, the defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Id. at 694.

In the instant case, to support his claims for ineffective assistance, Defendant details a number of actions that his trial counsel did or did not take during the course of the criminal proceedings: (1) counsel did not object to the jury instructions or to the government's peremptory strikes of Iranian jurors; (2) counsel did not mention to the jury that the government had to prove all elements of the charged crimes, including materiality, or raise certain facts relevant to materiality; (3) counsel did not ask the Court to state its findings on the record in ruling on Defendant's pretrial motions; (4) counsel did not move for judgment of acquittal or new trial; and (5) counsel did not adequately raise Speedy Trial Act violations.  Id. at 31–33.  The Court addresses these grounds in turn.

1.     Failure to Object to Jury Instructions or Peremptory Strikes

As discussed above, Defendant has not shown that trial counsel's failure to object to the jury instructions or to object to the government's peremptory strikes of two Iranian jurors amounts to constitutionally ineffective assistance of counsel.

Failure to Emphasize Materiality Element and Raise Certain Facts

Defendant challenges his trial attorney's presentation of the case to the jury, particularly with regard to the element of materiality. Mot. at 14, 31. Defendant states that his attorney "failed to mention, discuss or argue" materiality before the jury. Id. at 14; see also id. at 31 (noting that attorney failed to "mention[] to the jury that 'materiality' is an essential elements [sic] of the offense" (capitalization omitted)). Additionally, Defendant contends that his attorney should have raised certain facts, such as the fact that Defendant had disclosed that he was married in a prior naturalization application. Id. at 31.

Defendant's trial counsel was not deficient for choosing not to adopt these specific trial strategies. As a general matter, the law "allocate[s] to the counsel the power to make binding decisions of trial strategy in many areas." Faretta v. California, 422 U.S. 806, 820 (1975). Here, Defendant's trial counsel cannot be faulted for failing to place as much emphasis on a particular element as Defendant would have preferred. Defendant's trial counsel may reasonably have found the materiality point less persuasive than the point about whether Defendant willingly or knowingly lied. Furthermore, Defendant's trial counsel was under no obligation to bring to light the specific facts that Defendant identifies. Defendant focuses on the fact that his 1990 naturalization application disclosed that he was married. See Mot. at 31. Even assuming that this fact has any bearing on the question of materiality, his trial counsel brought forward that information in another way: the immigration officer who interviewed Defendant admitted on cross-examination that Defendant's category of green card indicated that Defendant had previously been married. Dkt. No. 280 at 116:14–17. Defendant's trial counsel could reasonably believe that this method of revealing the information was more effective than the alternative proposed by Defendant here. Defendant has not shown any deficiency in his trial counsel's performance on this basis.

Additionally, prejudice is absent. The jury was instructed as to the elements of each of the crimes with which Defendant was charged, including the element of materiality where applicable.

1   See Dkt. No. 211.  Thus, the jury necessarily had to find materiality to convict.  See Weeks v.

2   Angelone, 528 U.S. 225, 234 (2000) ("A jury is presumed to follow its instructions.").  Here,

3   Defendant does not explain how shifting the emphasis to the materiality element would have

4   produced a different outcome at trial.  The government did not have to prove that Defendant's

5   false statements about his marital status and resident address were material because the

6   government's theory of criminal liability for those statements was limited to 18 U.S.C. § 1015(a),

7   which has no materiality element.  United States v. Youssef, 547 F.3d 1090, 1093–95 (9th Cir.

8   2008) (per curiam).  Similarly, Defendant does not explain how introducing other pieces of

9   evidence would have changed the result, especially in light of the substantial evidence that the

10  government submitted to support materiality.  See, e.g., Dkt. No. 280 at 61:2–16 (testifying that

11  good moral character determination hinges in large part on criminal history); see also id. at 55:10–

12  56:20 (testifying that marital history information is critical because of the risk of fraud when

13  "people get their green cards through marriage"); id. at 60:5–14 (testifying that address is

14  important because eligibility depends on residency for a certain period of time).  In these

15  circumstances, Defendant has not met his burden of establishing ineffective assistance of trial

16  counsel on this ground.

17              3.    Failure to Ask Court to State Findings

18          Defendant next contends that his trial counsel failed to provide effective assistance because

19  his trial counsel did not ask the Court at the May 24, 2010 hearing to state its factual findings with

20  regard to the rulings on Defendant's pretrial motions.  Mot. at 31.  Defendant has not shown either

21  deficient performance or prejudice.

22          As a preliminary matter, it is unclear why Defendant's trial counsel would need to

23  affirmatively ask the Court to state its factual findings.  Federal Rule of Criminal Procedure 12(d)

24  already imposes an obligation on the Court to "state its essential findings on the record" when

25  "factual issues are involved in deciding a motion."  Nevertheless, because none of Defendant's

26  motions were determined on the basis of facts, the Court had no essential findings to state on the

27

28  Case No.: 08-cr-00560-EJD
    ORDER DENYING DEFENDANT'S MOTION PURSUANT TO 28 U.S.C. § 2255; DENYING
    CERTIFICATE OF APPEALABILITY

record.  For example, the Court ruled on Defendant's motions to dismiss, a category of motion which "is generally 'capable of determination' before trial 'if it involves questions of law rather than fact.'"  United States v. Nukida, 8 F.3d 665, 669 (9th Cir. 1993) (quoting United States v. Shortt Accountancy Corp., 785 F.2d 1448, 1452 (9th Cir.), cert. denied, 478 U.S. 1007 (1986)).  To the extent that those motions purportedly presented factual questions, those questions were within the province of the jury or unsupported by factual evidence.  The same goes for Defendant's motions requesting signed affidavits, motion to inspect grand jury transcripts, motion to change venue, motion requesting unsealed transcripts, and motion for extension of time.  The Court did not need to make factual findings as to those motions because they required no factual determination for decision or because Defendant offered speculation with no supporting facts.

Even if the Court were to conclude that Defendant's trial attorney erred in not requesting factual findings, Defendant does not indicate how such factual findings would have altered the outcome as to any particular motion.  Defendant does not identify any specific facts that the Court could or should have found that would have had any bearing, let alone a dispositive bearing, on the largely legal and discretionary dispositions of his pretrial motions.  Again, Defendant offers nothing more than speculation.  However, "[i]t is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding"; instead, the defendant must demonstrate "a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 693–94.  Defendant has not met that burden here.

### 4. Failure to Move for Judgment of Acquittal or New Trial

Defendant next argues that his trial attorney's failure to file motions for judgment of acquittal and for new trial constitutes ineffective assistance.  Mot. at 32–33.  Defendant contends that he brought a number of legitimate legal arguments to his trial attorney's attention.  Id.  In Defendant's view, there is "no valid tactical reason for [his attorney] not to raise [these] issues" or to forego filing "a 'Motion for Judgment of Acquittal' based on the evidence at trial" or a "'Motion for New Trial.'"  Id. at 33 (capitalization omitted).  The Court disagrees.

United States District Court
Northern District of California

1    The arguments that Defendant raised with his attorney are the same arguments that the

2    Court has addressed and rejected in this order.  As the Ninth Circuit has expressly held,

3    "[c]ounsel's failure to make a futile motion does not constitute ineffective assistance of counsel."

4    James v. Borg, 24 F.3d 20, 27 (9th Cir. 1994); see also Rupe v. Wood, 93 F.3d 1434, 1445 (9th

5    Cir. 1996) (stating that "the failure to take a futile action can never be deficient performance"),

6    cert. denied, 519 U.S. 1142 (1997).  Defendant does not provide support for his contention that

7    any reasonable attorney would have submitted these motions.  His trial counsel's decision not to

8    file these motions or make the particular arguments desired by Defendant is insufficient to

9    overcome the strong presumption in favor of trial counsel's reasonable performance.  Nor has

10   Defendant shown that filing these motions would have created a substantial likelihood of success,

11   especially given the fatal weaknesses in his arguments.  Therefore, Defendant's claim fails both

12   prongs of the Strickland inquiry.

13                  5.    Failure to Adequately Raise Speedy Trial Act Violations

14   Lastly, Defendant contends that his trial counsel should have filed a motion to dismiss for

15   violations of the Speedy Trial Act, 18 U.S.C. § 3161, and should have moved the Court to rule on

16   Defendant's filed Speedy Trial motions.  Mot. at 32.  Defendant filed a motion to dismiss under

17   the Speedy Trial Act on February 12, 2010, Dkt. No. 97, and an amendment to that motion on

18   February 17, 2010, Dkt. No. 102.  Defendant's trial counsel was substituted onto the case on April

19   26, 2010, after Defendant had filed these Speedy Trial Act motions. Dkt. No. 128.  On May 24,

20   2010, the Court took those motions under submission until the government could file a speedy

21   trial time calculation.  Dkt. No. 132.  The government filed the requested calculation on May 27,

22   2010, Dkt. No. 133, and the Court denied Defendant's motions on November 2, 2010, Dkt. No.

23   209.  On appeal, the Ninth Circuit rejected Defendant's argument about a speedy trial continuance

24   granted on August 16, 2010.  Dkt. No. 321 at 4–5.

25   Defendant's trial counsel was not objectively unreasonable in deciding not to file an

26   additional motion to dismiss under the Speedy Trial Act or urge the Court to rule on Defendant's

27

28   Case No.: 08-cr-00560-EJD
     ORDER DENYING DEFENDANT'S MOTION PURSUANT TO 28 U.S.C. § 2255; DENYING
     CERTIFICATE OF APPEALABILITY

Speedy Trial Act motions. When Defendant's trial counsel was substituted in late April 2010, the case had already been pending for over a year and a half and trial was looming. At that time, Defendant had already filed two motions to dismiss under the Speedy Trial Act. Dkt. Nos. 97, 102. Thus, Defendant's trial counsel could reasonably believe that collecting discovery and preparing for the trial that commenced six months later on October 26, 2010 was the top priority. Defendant has not indicated any record evidence or outside evidence that should have put his trial counsel on notice that further investigation of potential Speedy Trial Act violations would be fruitful. That conclusion has added force because his client had already raised a host of Speedy Trial Act issues before the Court. Moreover, given the large array of already-pending motions filed by Defendant pro se, Defendant's trial counsel could reasonably find that there was no strategic reason to file more motions or ask the Court to rule more quickly. Defendant has not shown that his trial counsel performed in an objectively unreasonable manner.

Defendant also has not demonstrated prejudice. Defendant does not—and could not—seek to relitigate the continuance granted on August 16, 2010. See Hayes, 231 F.3d at 1139 (explaining that defendants may not relitigate issues raised on direct appeal in a § 2255 motion). Instead, Defendant now argues the impropriety of other exclusions. See Mot. at 17–26. The Speedy Trial Act requires dismissal of an indictment when a criminal defendant's trial does not begin within seventy days of indictment or initial appearance, whichever occurs later. 18 U.S.C. §§ 3161(c)(1), 3162(a)(2). However, delays caused by certain enumerated events are to be excluded from the calculation of the seventy-day period. Id. § 3161(h). Defendant challenges two periods of exclusion, but both fall within the allowed statutory exclusions.

First, Defendant says that at least 43 days of the 83 days from March 16, 2009 to June 9, 2009 should not have been excluded. Mot. at 18–19. Nevertheless, U.S. Magistrate Judge Howard R. Lloyd ordered time excluded from March 16, 2009 pending resolution of Defendant's competency hearing, which took place on December 16, 2009. Dkt. Nos. 49, 133 at 2. That time falls squarely within the Speedy Trial Act's exclusion of "delay resulting from any proceeding,

including any examinations, to determine the mental competency or physical capacity of the defendant." 18 U.S.C. § 3161(h)(1)(A).[2]  Although Defendant seems to argue that the 30-day maximum in another statute, 18 U.S.C. § 4247(b), places limits on the speedy trial calculation, the Ninth Circuit has explicitly rejected this argument.  See United States v. Daychild, 357 F.3d 1082, 1094 (9th Cir. 2004) ("[T]he time period under 18 U.S.C. § 4247 has no bearing on speedy trial calculations.").[3]  Second, Defendant argues that the 92 days from February 22, 2010 to May 24, 2010 should not have been excluded.  Mot. at 20.  However, Judge Whyte held a hearing and made the requisite on-the-record findings that "the ends of justice served by [granting a continuance] outweigh[ed] the best interest of the public and the defendant in a speedy trial" and that "the failure to grant such a continuance . . . would deny counsel for the defendant . . . the reasonable time necessary for effective preparation."  18 U.S.C. § 3161(h)(7)(A), (B)(iv); Dkt. No. 297 at 9:7–14.  Accordingly, Defendant's arguments against these exclusions are unpersuasive. The explanations for the exclusions also counter Defendant's suggestion that the two year and two month span from indictment to trial violated his constitutional speedy trial rights.  See Mot. at 24–26 (citing Barker v. Wingo, 407 U.S. 514, 530 (1972)).

Although Defendant's remaining Speedy Trial Act contention—that the Court should have granted a motion to dismiss the two counts under 18 U.S.C. § 1001(a) that were contained in the criminal complaint but not in the original indictment, see Mot. at 24 (citing United States v. Carrasco, 257 F.3d 1045, 1052 (9th Cir. 2001))—is colorable, Defendant cannot show any present injury.  The dismissal of these two counts would not have affected Defendant's Guidelines range—which was based on the two undisturbed perjury convictions under 18 U.S.C. § 1621, Dkt. No. 239 at 2—or Judge Whyte's decision to depart upward from the high end of the range for

---

[2] Defendant admits that the ten-day limit on transportation time, 18 U.S.C. § 3161(h)(1)(F), does not apply because he was not transported for the psychological evaluation.  Mot. at 18.
[3] In arguing to the contrary, Mot. at 19, Defendant draws from a brief filed in a U.S. Supreme Court case.  See Brief for Respondent at 47, United States v. Tinklenberg, 563 U.S. 647 (2011), 2011 WL 175872 ("The Act Does Not Exclude The Time Beyond Thirty Days That It Took To Conduct Respondent's Competency Examinations.").

reasons unrelated to the number of underlying convictions, Dkt. No. 302 at 54:13–56:22. In any event, Defendant cannot challenge his sentence because he has served his prison time and completed his term of supervised release. See Spencer v. Kemna, 523 U.S. 1, 7 (1998) ("Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration . . . must exist if the suit is to be maintained.").

Nor does Defendant identify a concrete harm that would befall him if the § 1001(a) convictions are not vacated. Defendant has provided no basis to conclude that the convictions on the remaining four counts should be vacated, and none is apparent because the evidence for all six counts was nearly—if not entirely—identical. Because the perjury and § 1015(a) convictions remain, Defendant's deportation proceedings would not be affected. Dkt. No. 357. An alien is deportable if he "is convicted of two or more crimes involving moral turpitude, not arising out of a single scheme of criminal misconduct." 8 U.S.C. § 1227(a)(2)(A)(ii). As a crime involving fraud, perjury appears to qualify as a crime of moral turpitude, and Defendant has not argued otherwise. See Masaichi Ono v. Carr, 56 F.2d 772, 774 (9th Cir. 1932) ("It is not to be doubted that the commission of perjury before the immigration officials is a felony involving moral turpitude."). And because Defendant's two perjury counts were committed on separate dates and occasions, there is a presumption that the crimes did not arise out of a single scheme of criminal misconduct. Leon-Hernandez v. I.N.S., 926 F.2d 902, 905 (9th Cir. 1991). Defendant has not offered anything to rebut that presumption, let alone stated or suggested that his arguments depend on whether the § 1001(a) convictions are vacated or upheld. Accordingly, the Court rejects Defendant's final claim of ineffective assistance of trial counsel based on failure to raise Speedy Trial Act arguments.

In sum, Defendant's claim of ineffective assistance of trial counsel fails.

F.    Ineffective Assistance of Appellate Counsel Claim

Defendant's ninth claim asserts ineffective assistance of appellate counsel. Mot. at 33. This claim is properly reviewed as a collateral attack because it could not have been raised on

Case No.: 08-cr-00560-EJD
ORDER DENYING DEFENDANT'S MOTION PURSUANT TO 28 U.S.C. § 2255; DENYING CERTIFICATE OF APPEALABILITY

16

direct appeal. See Davila v. Davis, 137 S. Ct. 2058, 2068 (2017) (explaining that claims for ineffective assistance of appellate counsel "*necessarily* must be heard in collateral proceedings"). Like claims for ineffective assistance of trial counsel, claims for ineffective assistance of appellate counsel are governed by the two-part test of Strickland requiring deficient performance and prejudice. Smith v. Robbins, 528 U.S. 259, 285 (2000). But "the right to appellate representation does not include a right to present frivolous arguments to the court." Id. at 272; Sexton v. Cozner, 679 F.3d 1150, 1157 (9th Cir. 2012) ("[W]e cannot hold counsel ineffective for failing to raise a claim that is meritless.").

In this case, Defendant pinpoints three actions by his appellate counsel: (1) counsel did not raise the issue of ineffective assistance of trial counsel; (2) counsel did not raise a set of issues that Defendant suggested; and (3) counsel did not raise the same set of issues in a petition for rehearing or rehearing en banc. Mot. at 33–36. The Court addresses these grounds in turn.

### 1. Failure to Raise Ineffective Assistance of Trial Counsel

Defendant claims that his appellate attorney failed to raise the claim of ineffective assistance of trial counsel. Mot. at 35–36. Defendant is mistaken. The issue of ineffective assistance of trial counsel spanned five pages of Defendant's opening brief. See Appellant's Opening Brief at 51–55, United States v. Abpikar, 583 F. App'x 780 (9th Cir. 2014), 2013 WL 6221737. Although his opening brief argued that the record was sufficiently developed to decide the ineffective assistance claim on direct appeal, id. at 52, the Ninth Circuit declined to do so, Dkt. No. 321 at 5. Thus, Defendant cannot succeed on this ground.

### 2. Failure to Raise Particular Issues

Defendant also asserts that he sent a list of issues to his appellate attorney and requested that his appellate attorney raise all of the issues on appeal. Mot. at 34. In his § 2255 motion, Defendant highlights the issues of insufficiency of the evidence, Speedy Trial Act violations, materiality, defective jury instructions, and improper striking of jurors. Mot. at 34–35. Defendant's appellate attorney did raise some of these issues in Defendant's opening brief,

including insufficiency of the evidence and violations of the Speedy Trial Act. <u>See</u> Appellant's Opening Brief at 16–26, 43–50, <u>Abpikar</u>, 583 F. App'x 780.

Defendant's appellate counsel's decision not to raise the remaining claims suggested by Defendant does not automatically amount to deficient performance. Indeed, "[c]ounsel is not necessarily ineffective for failing to raise even a nonfrivolous claim." <u>Sexton</u>, 679 F.3d at 1157. Dropping a weak claim may be justified by "a reasonable appraisal of a claim's dismal prospects for success." <u>Knowles v. Mirzayance</u>, 556 U.S. 111, 127 (2009). Many of the claims that Defendant wished his appellate counsel to raise had not been raised before the district court and so would likely have been waived on appeal. <u>United States v. Cade</u>, 236 F.3d 463, 467 (9th Cir. 2000). More broadly, Defendant's appellate counsel could reasonably conclude that raising the entire slew of claims recommended by Defendant would dilute the stronger claims. In the opening brief, Defendant's appellate counsel appears to have selected the strongest claims and excised the weakest claims with little chance of success. In fact, the omitted claims are the ones that have been analyzed and rejected in this order. For this reason, too, Defendant cannot establish prejudice even if his appellate attorney erred in not raising these additional issues on appeal.

### 3. Failure to Raise Particular Issues in Petition for Rehearing

Relatedly, Defendant criticizes his appellate attorney for failing to raise the same issues in a petition for rehearing or petition for rehearing en banc. Mot. at 35. To the extent that Defendant asserts that his appellate attorney should have expanded upon the issues raised in the opening brief, such a tactic would run afoul of the general rule that the Ninth Circuit does not "consider issues that a party raises for the first time in a petition for rehearing." <u>United States v. Mageno</u>, 786 F.3d 768, 775 (9th Cir. 2015) (per curiam) (citation omitted). Moreover, Defendant's appellate counsel could have reasonably concluded that adding all of Defendant's desired claims would have upset any chance of a grant of rehearing. With regard to panel rehearing, "[t]he petition must state with particularity each point of law or fact that the petitioner believes the court has overlooked or misapprehended." Fed. R. App. P. 40(a)(2). With regard to rehearing en banc,

the standards are even stricter. The Ninth Circuit does not usually grant rehearing en banc unless "en banc consideration is necessary to secure or maintain uniformity of the court's decisions" or "the proceeding involves a question of exceptional importance." Fed. R. App. P. 35(a). Thus, the petition must state that "the panel decision conflicts with a [Supreme Court or Ninth Circuit] decision" or that "the proceeding involves one or more questions of exceptional importance, each of which must be concisely stated." Fed. R. App. P. 35(b)(1). Due to these stringent standards, Defendant also cannot show that filing his tailor-made petition would have changed the outcome.

In sum, Defendant has not made out a claim for ineffective assistance of appellate counsel.

### G.     Invalid Superseding Indictment Claim

Defendant's tenth claim is that his due process rights were violated because the prosecutor never presented the superseding indictment to a grand jury. Mot. at 36–37. According to Defendant, the prosecutor was not before a grand jury and there was no grand jury in session on November 24, 2009, the date of the superseding indictment. Id. at 37–38. Defendant also suggests that his motion to inspect the grand jury minutes was never ruled upon. Id. at 38.

Defendant has procedurally defaulted this claim. In a motion filed on October 13, 2010, Defendant argued that a grand jury had not returned the superseding indictment. Dkt. No. 173 at 2–5. Judge Whyte denied that motion on November 2, 2010. Dkt. No. 209. Similarly, Defendant requested the opportunity to inspect the grand jury minutes of the superseding indictment in two separate motions filed on March 17, 2010 and October 19, 2010, respectively. Dkt. Nos. 107 at 1–2, 177 at 1–3. Judge Whyte denied the first on May 24, 2010 and the second on November 2, 2010. Dkt. Nos. 132, 209. Defendant provides no explanation for why this issue was not available on direct appeal, so the claim is defaulted. Bousley, 523 U.S. at 622.

Defendant cannot establish either cause or prejudice for the default. See Murray, 477 U.S. at 492. In particular, Defendant's assertion that the superseding indictment was not returned by a grand jury is belied by the fact that the superseding indictment was signed by the foreperson and the prosecutor on November 24, 2009. Dkt. No. 69; see Stirone v. United States, 361 U.S. 212,

Case No.: 08-cr-00560-EJD
ORDER DENYING DEFENDANT'S MOTION PURSUANT TO 28 U.S.C. § 2255; DENYING CERTIFICATE OF APPEALABILITY

19

215–16 (1960) ("[A]fter an indictment has been returned its charges may not be broadened through amendment except by the grand jury itself.").

Defendant appears to seek an evidentiary hearing regarding this claim. For example, Defendant asserts that he will prove that one of the government's witnesses was not before the grand jury on November 24, 2009. Mot. at 37; Reply at 12 (requesting to call government witness to testify). Not only does that claim lack any factual basis, but whether this particular witness was before the grand jury has no bearing on whether the grand jury was in session.[4] Likewise, Defendant avers that he would prove that the prosecutor was not before the grand jury on November 24, 2009. Mot. at 38. Without any supporting evidence, that assertion is palpably incredible because the prosecutor signed the superseding indictment on November 24, 2009. See Dkt. No. 69. Defendant's remaining contentions (e.g., that the superseding indictment was entered on the electronic docket after the court had closed for the Thanksgiving holiday and that different forepersons signed the original and superseding indictments) are irrelevant or equally implausible. See Mot. at 38. Thus, the Court need not hold an evidentiary hearing because "the motions and the files and records of the case conclusively show that [Defendant] is entitled to no relief." 28 U.S.C. § 2255(b).

H.     Vindictive Prosecution Claim

Defendant's eleventh claim is that the prosecutor violated Defendant's due process rights by adding additional charges in the superseding indictment based on Defendant's refusal to accept a plea deal. Mot. at 40–41. Defendant offers no explanation to overcome his procedural default for failing to raise this available claim on direct appeal. And Defendant cannot establish prejudice because his vindictive-prosecution claim fails on the merits.

_____

[4] Defendant also takes issue with the fact that the government did not disclose handwritten notes that Defendant had provided to this government witness while in jail. Reply at 12. However, Judge Whyte ruled that these notes "were provided before trial, were not offered at trial and appear to have no relevance to the issues in the case." Dkt. No. 209 at 1. Defendant also does not show that the government violated the Jencks Act, 18 U.S.C. § 3500, by deciding not to call the witness.

Case No.: 08-cr-00560-EJD
ORDER DENYING DEFENDANT'S MOTION PURSUANT TO 28 U.S.C. § 2255; DENYING CERTIFICATE OF APPEALABILITY

Defendant's allegation that the prosecutor brought additional charges to punish him for refusing to accept a plea bargain is insufficient to establish a due process violation. The Ninth Circuit has held that "threatening and then filing more severe charges as an outgrowth of plea negotiations does not violate due process." United States v. Gamez-Orduno, 235 F.3d 453, 463 (9th Cir. 2000); see also Bordenkircher v. Hayes, 434 U.S. 357, 363 (1978) ("[I]n the 'give-and-take' of plea bargaining, there is no such element of punishment or retaliation so long as the accused is free to accept or reject the prosecution's offer."). That is so because "such prosecutorial conduct is not meaningfully distinguishable from charging more strictly at the outset and then reducing the charges as a result of plea negotiations." Gamez-Orduno, 235 F.3d at 463. Nor is there a presumption of vindictiveness in this context "simply from the fact that a more severe charge followed on, or even resulted from, the defendant's exercise of a right." Id. at 462. A contrary rule could undermine the prosecutor's "broad discretion . . . to determine the extent of the societal interest in prosecution." United States v. Goodwin, 457 U.S. 368, 382 (1982). Because Defendant identifies no evidence of vindictiveness beyond the prosecutor's charging decision, Defendant's vindictive prosecution claim fails.

## I.     Due Process Claim

Defendant's twelfth claim is that his due process rights were violated because four motions that he filed pro se were removed from the docket. Mot. at 41. However, his § 2255 motion mentions only his Motion to Dismiss for Lack of Jurisdiction and states that he has proof that that motion was not docketed. Mot. at 41. Specifically, Defendant says that he filed the motion at the Clerk's Office and then physically served copies on the prosecutor and the Court at a hearing on February 22, 2010. Id. at 41–42. Defendant contends that his due process rights were violated by the "deliberate removal of the motion from the docket." Id. at 43 (capitalization omitted).

Defendant has not established cause and prejudice or a due process violation. His Motion to Dismiss for Lack of Jurisdiction dealt with the issue whether the charges in the superseding indictment were barred by the statute of limitations. See Dkt. No. 313. Although the motion was

Case No.: 08-cr-00560-EJD
ORDER DENYING DEFENDANT'S MOTION PURSUANT TO 28 U.S.C. § 2255; DENYING CERTIFICATE OF APPEALABILITY

not formally entered on the electronic docket until July 9, 2013, Judge Whyte considered and denied the motion at a hearing on May 24, 2010. Dkt. No. 132 (denying "all the motions to dismiss except the motions to dismiss due to denial of speedy trial and due process"). Defendant brought another motion to dismiss on statute-of-limitations grounds on October 13, 2010, Dkt. No. 173, which Judge Whyte denied on November 2, 2010, Dkt. No. 209. Defendant argued the statute-of-limitations issue on direct appeal, and the Ninth Circuit addressed and rejected that argument. Dkt. No. 321 at 3. Defendant has had an adequate opportunity to litigate his statute-of-limitations argument and does not provide any basis to conclude that expanding the evidentiary record, see Mot. at 43–44, would have any effect on the outcome. Thus, Defendant is not entitled to relief on his due process claim.

J.     Unconstitutional Sentence Claim

Defendant's thirteenth, and final, claim is that he was subjected to cruel and unusual punishment when Judge Whyte sentenced Defendant to 36 months of imprisonment. Mot. at 44.[5] Although Defendant's Sentencing Guidelines range was 21 to 27 months, Judge Whyte departed upward from the high end of the Guidelines range. Id. Defendant contends that this departure was based purely on Defendant's arrest record and that Judge Whyte improperly accepted the pre-sentence report. Id. at 44–45.

Defendant does not attempt to show circumstances that would constitute cause for his failure to raise this issue on direct appeal. In any event, prejudice is lacking because his claim is meritless. Although the Guidelines are "the starting point and the initial benchmark" for the sentence, a district court has broad discretion to fashion a sentence in light of the concerns spelled out in 18 U.S.C. § 3553(a). Pepper v. United States, 562 U.S. 476, 490 (2011) (quoting Gall v. United States, 552 U.S. 38, 49–51 (2007)). Here, Judge Whyte followed that rubric, explaining

---

[5] Because Defendant has completed his entire sentence, this constitutional challenge to his sentence is moot. Spencer, 523 U.S. at 7. Regardless, for completeness, the Court addresses the argument here.

Case No.: 08-cr-00560-EJD
ORDER DENYING DEFENDANT'S MOTION PURSUANT TO 28 U.S.C. § 2255; DENYING CERTIFICATE OF APPEALABILITY

22

that an upward departure was warranted to promote deterrence and to reflect Defendant's lack of remorse, prior convictions, performance on pretrial release, and similar nature of prior conduct. Dkt. No. 302 at 54:13–56:22. Defendant's contention that his sentence was motivated solely by his prior arrest record is factually inaccurate. See Williams v. United States, 503 U.S. 193, 197 (1992) (noting that the Sentencing Guidelines "prohibit a court from basing a departure on a prior arrest record alone"). Accordingly, the Court rejects Defendant's claim of an unconstitutional upward departure in sentencing.

## IV.    CONCLUSION

After a careful review of the record and pertinent law, the Court concludes that Petitioner's motion pursuant to 28 U.S.C. § 2255 is DENIED.

No certificate of appealability shall issue, as Petitioner has not made "a substantial showing of the denial of a constitutional right," as required by 28 U.S.C. § 2253(c)(2). All pending motions are terminated, judgment shall be entered in favor of the Government, and the Clerk shall close the civil case associated with this motion.

**IT IS SO ORDERED.**

Dated: August 15, 2018

EDWARD J. DAVILA
United States District Judge